

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charles A. Tosch
County Auditor
Dallas County
Dallas, Texas

Dear Sir:                                Opinion No. O-2578
                                         Re: Constitutionality of
                                             Section 25 of the Wel-
                                             fare Act of 1939.

        We have your letter of August 6, which reads
as follows:

        "The Welfare Act of 1939, Senate Bill
    36, Chapter I, Acts of the Forty-sixth Legis-
    lature contains, among other things, a pro-
    vision that is of vital importance to the
    financial interests of cities and counties
    in Texas.

        "This provision contained in Section 25
    is as follows:

        "'Assistance shall be granted under
        the provisions of this Act to all
        persons or families who are in de-
        pendent and needy circumstances,
        and who are ineligible for, or not
        currently receiving assistance in
        other categories specified in this
        Act.'

        "I will thank you for your opinion as to
    the constitutionality of this law, especially
    as to Section 25 of the above mentioned law."

        The apparent intention of Section 25, above quoted,
is to authorize the State Department of Public Welfare to
grant aid to <u>all</u> dependent and needy persons and families,
irrespective of whether they qualify under the specific

Honorable Charles A. Tosch, Page 2

categories enumerated by the Welfare Act, i.e., old age
assistance, needy blind, dependent and destitute children,
and aid administered by Texas Relief Commission. Whether
the Legislature is empowered to grant aid to all dependent
and needy persons raises a serious constitutional question.

Article 3, Section 51, of the Constitution of Tex-
as, provides in part:

"The Legislature shall have no power
to make any grant or authorize the making
of any grant of public moneys to any in-
dividual, association of individuals,
municipal or other corporations whatsoever,
* * *."

This section then continues, to make provision
(by express exception to the first sentence above quoted)
for payment of Confederate pensions.

The following subsections of Section 51 of Ar-
ticle 3, have carved additional express exceptions out of
the prohibition of the first sentence. Section 51a author-
ized the issuance of $20,000,000 of bonds for relief as
administered by the Texas Relief Commission. Section 51b
authorizes the Legislature to provide old age assistance
with certain limitations to citizens over 65 years of age.
Section 51c authorizes aid to the needy blind. Section
51d authorizes aid to destitute children.

By the very fact that the Constitution, as amend-
ed, provides expressly for State aid to Confederate veterans,
the aged, the needy blind and destitute children, it fol-
lows by the rule of "expressio unius, exclusio alterius"
that aid to all others is prohibited by Article 3, Section
51. The Supreme Court of Texas has repeatedly announced
that this constitutional provision forbids the use of State
money for any but the purposes authorized by the Constitu-
tion.

Chief Justice Phillips, speaking of Section 51
of Article 3, in Bexar County v. Linden, 110 Tex. 339,
before the adoption of the amendments 51a, 51b, 51c and
51d, declared:

"This section clearly recognizes only
soldiers and sailors of the Confederacy,
their wives and widows, and women who aided

Honorable Charles A. Tosch, Page 3

> in the Confederacy, as having any claim
> upon the bounty of the State. <u>Its evident
> purpose is to deny to the Legislature any
> power to grant or to authorize the grant
> of public money to all others, absolutely.</u>

> "The giving away of public money, its
> application to other than strictly govern-
> mental purposes, is what the provision is
> intended to guard against. The prohibition
> is a positive and absolute one except as to
> a distinctive class to whom the State is
> under a sacred obligation." (Emphasis ours)

In Road District No. 4, Shelby County v. Allred,
123 Tex. 77, 68 S. W. (2d) 164, Judge Critz, of the Commis-
sion of Appeals, reaffirmed the inviolability of Article 3,
Section 51 in the following language:

> "It is settled law of this State that
> the above quoted constitutional provision
> is intended to guard against and prohibit
> the granting, or giving away, of public
> money, except for strictly governmental
> purposes. The prohibition is an absolute
> one, except as to the class exempted there-
> from, and operates to prohibit the Legis-
> lature from making gratuitous donations to
> all kinds of corporations, private or pub-
> lic, municipal or political."

In this connection, it is well also to consider
Article 16, Section 6, of the Texas Constitution, which pro-
vides in part:

> "No appropriation for private or in-
> dividual purpose shall be made."

It can hardly be doubted, in the light of the fore-
going authorities that Section 25 of the Public Welfare Act
of 1939 contravenes both the letter and spirit of Article 3,
Section 51 of the Texas Constitution, in that it seeks to
authorize the payment of State money to private persons
other than those contemplated by the several amendments to
the section.

There is yet another compelling reason which has
led us to this conclusion. The attempted largess and benev-
olence of the Legislature expressed in Section 25 may not be

Honorable Charles A. Tosch, Page 4

sustained on the theory that the State would thereby be
discharging its inherent obligation to care for paupers.
The performance of this duty has been delegated to the
several counties by the Constitution in Article 16, Sec-
tion 8:

> "Each county in the State may provide,
> in such manner as may be prescribed by law,
> a Manual Labor Poor House and Farm, for
> taking care of, managing, employing and
> supplying the wants of its indigent and
> poor inhabitants."

This express provision in the Constitution, pre-
scribing the manner in which the indigent of this State
shall be cared for, precludes, we believe, resort to any
other method short of a constitutional amendment. This
rule of construction was announced by Judge Davidson in
Ex Parte Massey, 49 Cr. R. 60, 92 S. W. 1086:

> "It is a well-known rule, sanctioned
> by all legal authority, that where the
> Constitution provides how a thing may or
> shall be done, such specification is a
> prohibition against its being done in any
> other manner. This is but the application
> of the familiar rule that the expression
> of one thing is the exclusion of any other,
> and therefore is decisive of legislative
> authority."

While decisions of other States are not control-
ling in construing the Texas Constitution, we believe the
following language of the Supreme Court of Pennsylvania
in Busser v. Snyder, 128 Atl. 80, at 86, is applicable to
the question before us here:

> "* * * a direct appropriation from the
> State treasury to any person or class of
> persons cannot be sustained on the theory
> that it is a discharge of the inherent
> obligation of the State to take care of
> its paupers."

The conclusion we have reached finds further sup-
port in the Welfare Act itself. Section 43 thereof reads
in part:

"No provision of this Act is intended to release the counties and municipalities in this State from the specific responsibility which is currently borne by those counties and municipalities in support of public welfare, child welfare, and relief services."

It is our considered opinion that Section 25 of the Welfare Act of 1939 is invalid as being in violation of Article 3, Section 51 of the Texas Constitution. Section 25 is readily severable from the remainder of the Act without impairing or affecting the other provisions or defeating the general purpose of the entire Act. Section 41 expressly provides against partial invalidity affecting the remaining portions of the Act. Though we have not attempted to consider the Act in minute detail, we regard it as valid with the exception of Section 25, in the absence of having our attention called to any other particular provision.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED AUG 2?, 1940

ASSISTANT
GENERAL

By Walter R. Koch
Assistant

WRK:RS

